IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| OVERSTOCK.COM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:17-cv-01331 (LMB/TCB) |
| ) | |
| VIKTOR VISOCKY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the Court is a Report and Recommendation (the "Report") issued by a magistrate judge on August 23, 2018 [Dkt. No. 108], recommending that a default judgment and permanent injunction be entered against defendants Viktor Visocky ("Visocky"), Otto Srams ("Srams"), Olga Korischenko ("Korischenko"), and Alexander Bekoev ("Bekoev") (together, the "Named Foreign Defendants") but that no default judgment or injunction be entered against defendant Edward M. Kaufman ("Kaufman") or against 63 websites also named as defendants (the "Website Defendants").[1] On September 6, 2018, plaintiff filed a partial objection to the Report, arguing that a default judgment and permanent injunction should also be entered against Kaufman and the Website Defendants. No defendant has filed any objection to the Report or any response to plaintiff's objection.

For the reasons stated below, the Court will adopt the Report and overrule plaintiff's objection as to the Website Defendants and Kaufman. Accordingly, a default judgment and permanent injunction will be entered against the Named Foreign Defendants.

---

[1] For a complete list of the Website Defendants, see Third Am. Compl. [Dkt. No. 88] 1-2.

# I. BACKGROUND

Plaintiff, the owner of a well-known shopping website, has alleged that the defendants have been copying, or "ripping," content from its site. Specifically, plaintiff alleges that in an effort to "phish" for consumers' personal or financial information, the defendants have copied plaintiff's webpages in their entirety so that consumers mistakenly attempt to make online purchases through the defendants' websites, thereby disclosing their credit card numbers, addresses, and other private data. Third Am. Compl. [Dkt. No. 88] ¶¶ 1-4. Plaintiff brings federal and state law causes of action[2] and seeks damages and injunctive relief against the defendants. Id. at 57-60.

After all defendants failed to appear, the Clerk entered a default against them [Dkt. No. 102]. Plaintiff then moved for a default judgment as well as a permanent injunction barring the defendants from continuing to infringe plaintiff's intellectual property. Pl.'s Mot. for Default J. and Incorporated Memo. in Supp. [Dkt. No. 104] 12-13. The magistrate judge held a hearing on plaintiff's motion at which no representative appeared on behalf of any defendant.

The magistrate judge correctly found that the Court has valid subject matter jurisdiction over the dispute and personal jurisdiction over the defendants and that venue is proper in the Eastern District of Virginia. Report [Dkt. No. 108] 3-5. The Report correctly states that Visocky, Srams, Korischenko, and Bekoev were properly served with process and that service was improper as to Kaufman. Id. at 3 n.3, 6-9. Accordingly, the magistrate judge considered whether

---

[2] Plaintiff's five-count complaint alleges trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1); violation of a protected computer system under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(C); copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 501(a)-(b); false designation of origin, unfair competition, and trade dress infringement under the Lanham Act, 15 U.S.C. § 1125(a); and trademark infringement and unfair competition under Virginia law. Third Am. Compl. [Dkt. No. 88] ¶¶ 7, 239-82.

default judgment was appropriate only as to the Named Foreign Defendants: Visocky, Srams, Korischenko, and Bekoev.

The magistrate judge found that the Named Foreign Defendants are involved in a phishing scheme in which they copy plaintiff's webpages—which contain valid trademarks, trade dress, and copyrights owned by plaintiff—in a way that infringes plaintiff's intellectual property rights and is causing plaintiff irreparable injury. Report [Dkt. No. 108] 10-13. The Report explained that these facts, deemed admitted because of the defendants' default, were sufficient to state a viable claim for each of plaintiff's five counts. Id. at 13-20. Accordingly, the Report recommended that default judgment be entered against the Named Foreign Defendants. Id. at 20. It also recommended that the Court enter a permanent injunction prohibiting the Named Foreign Defendants from violating plaintiff's intellectual property rights, finding that plaintiff was suffering irreparable injury and that the other requirements for permanent injunctive relief had been satisfied. Id. at 20-23.[3]

In its objection to the Report, plaintiff argues first that it has since remedied any defect in service as to Kaufman and second that it was in fact also seeking a default judgment and permanent injunction against the Website Defendants and that the magistrate judge erred by excluding them. Accordingly, plaintiff requests that the Court adopt the magistrate judge's

---

[3] Plaintiff's motion also sought an injunction against later-identified individuals, websites, or internet service providers shown to be working in concert with defendants. Pl.'s Mot. for Default J. and Incorporated Memo. in Supp. [Dkt. No. 104] 12-13. Although the Report acknowledges plaintiff's request, see Report [Dkt. No. 108] 20, it does not analyze the issue or present any findings or recommendation. The Court will not enter a blank-check permanent injunction; instead, any injunction will run only against the parties, their agents, and anyone else working in active concert with them, in accordance with Rule 65(d) of the Federal Rules of Civil Procedure.

Report in part and reject it in part by extending the default judgment and permanent injunction to include all defendants identified in the Third Amended Complaint.

## II. DISCUSSION

### A. Standard of Review

When a party objects to a magistrate judge's report, "the court shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. It may also "receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Default judgment is appropriate if the defendants have failed to respond and the complaint's well-pleaded allegations establish that plaintiff is entitled to relief. ExxonMobil Oil Corp. v. Black Stone Petroleum Inc., 221 F. Supp. 3d 755, 761 (E.D. Va. 2016); see Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 133 (4th Cir. 1992). When assessing whether the plaintiff is entitled to relief, the court deems the plaintiff's well-pleaded allegations to have been admitted, Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001), and asks whether the complaint properly states a claim, GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). Default judgment is never awarded as of right; instead, whether default judgment is appropriate is committed to the court's "sound judicial discretion." EMI April Music, Inc. v. White, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009). Moreover, to be entitled to a permanent injunction, a plaintiff must make the same four-part showing as in all cases: "(1) that it has suffered an irreparable injury; (2) that remedies available at law . . . are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest

4

would not be disserved by a permanent injunction." Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 543 (4th Cir. 2007) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)). Even if the plaintiff makes this showing, "whether to grant or deny injunctive relief rests within the equitable discretion" of the court. eBay, 547 U.S. at 394.

### B. The Named Foreign Defendants

The Court adopts in full the Report's recommendation that default judgment be entered in favor of the plaintiff against the Named Foreign Defendants. The Court also adopts in full the Report's recommendation that the Named Foreign Defendants be enjoined permanently from ripping plaintiff's online content or otherwise infringing plaintiff's intellectual property rights.

### C. The Website Defendants

The magistrate judge did not recommend that judgment be entered against the Website Defendants because plaintiff had not stated a claim under the Anti-Cybersquatting Consumer Protection Act (the "ACPA")[4] and had not cited any authority for the proposition that plaintiff's claims could be brought against domain names. Report [Dkt. No. 108] 3 n.3.

Plaintiff argues that it named the Website Defendants not because it intended to sue them in rem, but rather because it considered them to be "alter egos of the individual operators and domain name registrants, who are suspected, but not confirmed, to be [the named defendants], and likely others involved in the same phishing scam." Overstock's Resp. to R. & R. on Overstock's Mot. for Default J. [Dkt. No. 109] 4-5. Plaintiff asks the Court to deem the websites "d.b.a.'s" of the named defendants or of unnamed individuals, find that service of process on the

---

[4] The ACPA, among other things, creates a right of action in rem against a domain name infringing the plaintiff's intellectual property, provided certain conditions are met. See 15 U.S.C. § 1125(d)(2). Plaintiff agrees that it has not alleged any ACPA claims. Overstock's Resp. to R. & R. on Overstock's Mot. for Default J. [Dkt. No. 109] 4.

Website Defendants was proper, and extend the default judgment and permanent injunction to the websites. Id. at 5-6.

Plaintiff has not identified any precedent for the proposition that domain names can be sued in their own right as alter egos of named defendants or of persons not yet identified rather than in rem. Nor is the Court aware of any authority supporting plaintiff's position. Accordingly, the Website Defendants are not proper defendants in this action, and the Court will not enter a default judgment or permanent injunction against them qua websites. This decision does not leave plaintiff entirely without a remedy against the Website Defendants: The Court's injunctive order will prohibit the Named Foreign Defendants and Kaufman, as well as their "officers, agents, servants, employees, and attorneys" and any "other persons who are in active concert or participation" with them, Fed. R. Civ. P. 65(d)(2), from using the domain names identified as the Website Defendants to host material that infringes plaintiff's intellectual property rights.

### D. Defendant Kaufman

Plaintiff's complaint alleges that defendant Kaufman "is a resident of California." Third Am. Compl. [Dkt. No. 88] ¶ 53. The magistrate judge correctly found that although plaintiff could effect service on the Named Foreign Defendants through a court order per Rule 4(f)(3) of the Federal Rules of Civil Procedure, Kaufman was alleged to be a U.S. resident and therefore was subject to service only under Rule 4(e).[5] Because plaintiff did not properly serve Kaufman under Rule 4(e),[6] he was not subject to default or default judgment. See Md. State Firemen's

---

[5] Compare Fed. R. Civ. P. 4(f) (addressing how to serve an individual "not within any judicial district of the United States"), with id. 4(e) (addressing how to serve an individual "in a judicial district of the United States").

[6] Rule 4(e) permits service on an individual by personal service, service at the individual's dwelling or usual place of abode with someone of suitable age and discretion, service on an authorized agent, or by following any other means of serving process permitted under the law of

Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant.").

Plaintiff argues that since the Report's issuance, it has taken steps to serve Kaufman via the Secretary of the Commonwealth of Virginia, as permitted under Virginia law.[7] Overstock's Resp. to R. & R. on Overstock's Mot. for Default J. [Dkt. No. 109] 4. Section 8.01-329 of the Virginia Code deems the Secretary of the Commonwealth of Virginia (the "Secretary") to be the statutory agent of nonresidents subject to the personal jurisdiction of Virginia courts. Va. Code Ann. § 8.01-329(A). In accordance with that provision, plaintiff served process on the Secretary, and the Secretary returned an affidavit indicating that its process server made reasonably diligent efforts to locate Kaufman but was unsuccessful. See Aff. for Service of Process on the Secretary of the Commonwealth [Dkt. No. 110].

Even if the Court were to conclude that service of process was proper, plaintiff's request that the Court enter default judgment against Kaufman is premature. Although the Clerk entered a default against Kaufman on July 3, 2018 [Dkt. No. 102], it did so based on improper service of process, and accordingly that entry of default is void. To proceed against Kaufman, plaintiff must first reinitiate the proper procedure for obtaining an entry of default and subsequently move for default judgment against him.

---

the state in which service is to be made or in which the district court is located. Plaintiff attempted to serve Kaufman by way of email, which is not permitted under either the Federal Rules or under Virginia or California law. See Fed. R. Civ. P. 4(e); Cal. Civ. Proc. Code §§ 415.20, .30; Va. Code. Ann. § 8.01-296.

[7] The Federal Rules of Civil Procedure allow for service of process according to the law of "the state where the district court is located"—in this case, Virginia. Fed. R. Civ. P. 4(e)(1).

## III. CONCLUSION

For the reasons stated above, plaintiff's objection to the magistrate judge's report and recommendation [Dkt. No. 109] is OVERRULED and the Report [Dkt. No. 108] is ADOPTED.

Entered this 17th day of October, 2018.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge