IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

OVERSTOCK.COM, INC., )
 )
      Plaintiff, )
 )
v. ) 1:17-cv-01331 (LMB/TCB)
 )
VIKTOR VISOCKY, et al., )
 )
      Defendants. )

ORDER

On December 7, 2018, a magistrate judge issued a Report and Recommendation [Dkt. No. 130] (the "Report") in which she recommended that a default judgment be entered against defendant Edward M. Kaufman ("Kaufman") permanently enjoining him from engaging in a scheme to "rip" content from plaintiff Overstock.com, Inc.'s websites. The Report advised the parties that any objection to the magistrate judge's findings or recommendations must be filed within 14 days of its service and that failure to file timely objections would waive appellate review of any judgment based on the Report. As of December 27, 2018, neither party has filed an objection.

The Court laid out the background of this civil action in a previous Memorandum Opinion [Dkt. No. 112] and Order [Dkt. No. 113] entering a default judgment and permanent injunction against other named defendants and need not repeat those facts in this Order.[1] At issue here is whether a default judgment and permanent injunction are now appropriate as to defendant Kaufman. In the Report, the magistrate judge correctly found that the Court has valid

---

[1] The other named defendants have since been held in contempt for willfully violating the permanent injunction [Dkt. No. 132].

subject-matter jurisdiction over the dispute and personal jurisdiction over Kaufman and that venue is proper in the Eastern District of Virginia. The magistrate judge also correctly concluded that plaintiff effected service of process on defendant Kaufman as of September 5, 2018, the date on which plaintiff—in accordance with Rule 4(e)(1) of the Federal Rules of Civil Procedure and section 8.01-329 of the Virginia Code—served the Secretary of the Commonwealth of Virginia and submitted an affidavit stating that Kaufman was a California resident who could not be located despite plaintiff's due diligence. Kaufman has not entered an appearance, filed any responsive pleadings, or in any way responded to plaintiff's Renewed Motion for Default Judgment [Dkt. No. 116].

Having fully reviewed the Report and case file, the Court fully adopts the findings of fact and conclusions of law contained in the Report. Accordingly, Plaintiff's Renewed Motion for Default Judgment Against Defendant Edward M. Kaufman [Dkt. No. 116] is GRANTED, and it is hereby

ORDERED that judgment in favor of plaintiff Overstock.com, Inc. be and is entered against defendant Edward M. Kaufman under Rule 54(b) of the Federal Rules of Civil Procedure; and it is further

ORDERED that Kaufman—along with his officers, agents, servants, employees, attorneys, or any other person acting in active concert or participation with them—be and is ENJOINED from (i) using the Overstock Trademarks, the Overstock Copyrighted Content, or the Overstock Trade Dress, or any reproductions, counterfeit copies, or spurious imitations thereof, on or in connection with the offering of any retail store services; (ii) operating any other store or website, including the websites identified as defendants in this civil action, that falsely purports to originate from Overstock or to be sponsored by or otherwise affiliated with

2

Overstock or Overstock.com; (iii) registering, owning, or using any domain name that consists of the Overstock Trademarks, that is confusingly similar thereto, or that is calculated to confuse consumers into incorrectly thinking that the site is sponsored by or otherwise affiliated with Overstock or Overstock.com; (iv) using any false designations, representations, or descriptions of businesses or websites in such a manner that would damage or injure Overstock or its customers, create consumer confusion, or give Kaufman an unfair competitive advantage; (v) committing any other acts calculated to cause consumers to believe, incorrectly, that Kaufman's businesses or websites are in any way sponsored, authorized, supervised, or controlled by Overstock or Overstock.com, or otherwise affiliated with the same; (vi) further infringing the Overstock Trademarks, Overstock Copyrighted Content, or Overstock Trade Dress in any way, or further damaging any associated goodwill; (vii) invading or otherwise accessing, without permission, any of plaintiff's computers or computer systems to copy or "rip" the contents or otherwise to acquire plaintiff's proprietary information; and (viii) stealing, misappropriating, "phishing" for, disclosing, selling, or otherwise making unlawful use of private information acquired from Overstock, Overstock.com, or any of its customers.

The Clerk is directed to forward copies of this Order to counsel of record and to defendant Kaufman.

Entered this 27 day of December, 2018.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge

3